PLEUS, J.
G.L. and P.L. are dependent females, ages eight and five. The Department of Children and Families alleges the natural parents are unfit for various reasons. The maternal grandfather of the two young girls attempted to engage Elizabeth R. Joy, Esquire, an attorney, to represent the legal interests of the children. The natural father objected to the attorney selected by the grandfather and moved to strike her appearance as the girls’ attorney. The trial judge had already appointed a guardian ad litem who is also an attorney. The GAL declined to accept Joy’s services on behalf of the GAL. Thus, the trial judge granted the natural father’s motion to strike for lack of standing. Joy, on behalf of the children, petitioned for a writ of certiorari, or in the alternative, a writ of mandamus. We have jurisdiction.
Under certain circumstances, representation by independent legal counsel may be warranted even when a guardian ad litem is serving. Even though there is a guardian ad litem serving who is also an attorney, the roles of the guardian ad litem and independent legal counsel are not the same in all cases.
Once children have been adjudicated dependent, the appropriate person with standing to recommend the necessity for and appointment of an attorney to represent the dependent children is the guardian ad litem. If a request for appointment of a separate independent attorney is made by the guardian ad litem, the trial judge should exercise its discretion giving great weight to the recommendation of the guardian ad litem and the factors which necessitate the appointment.
We agree with the trial judge that a third party has no standing to procure independent legal counsel if the guardian ad litem objects to the representation.
The petition is denied.
PETITION DENIED.
HARRIS and SAWAYA, JJ., concur.